AO 106 (Rev. 04/10) Application for a Search Warrant

# UNITED STATES DISTRICT COURT
for the
District of Oregon

FILED 19 NOV '18 15:30 USDC-ORP

'18-MC-1025

In the Matter of the Search of
*(Briefly describe the property to be searched or identify the person by name and address)*

The Cellular Telephone Assigned Call Number (503) 515-7263

)
)
)
)
)
)

Case No. ~~3:18-cr-00494-HZ~~

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:
See Attachment A hereto,

located in the _____ District of _____ Oregon _____, there is now concealed *(identify the person or describe the property to be seized)*:
See Attachment B hereto.

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:
    ☐ evidence of a crime;
    ☐ contraband, fruits of crime, or other items illegally possessed;
    ☐ property designed for use, intended for use, or used in committing a crime;
    ☑ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| Title 26 USC § 7201 and Title 18 USC § 1001 | Willful Evasion of Payment of Income Taxes False Statement |

The application is based on these facts:
See affidavit which is attached hereto and incorporated herein by this reference.

    ☑ Continued on the attached sheet.
    ☑ Delayed notice of __45__ days (give exact ending date if more than 30 days: __12/30/2018__) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

    _____
    *Applicant's Signature*

    Jason Nix, SA, IRS-CI
    *Printed name and title*

Sworn to before me and signed in my presence.

Date: November 19, 2018

    _____
    *Judge's signature*

City and state: Portland, Oregon     Hon. John V. Acosta, United States Magistrate Judge
    *Printed name and title*

DISTRICT OF OREGON, ss:       AFFIDAVIT OF JASON NIX

### Affidavit in Support of an Application
### for a Search Warrant for Geolocation Data

I, **Jason Nix**, being duly sworn, do hereby depose and state as follows:

### Introduction and Agent Background

1.      I am a Special Agent with the Internal Revenue Service – Criminal Investigation and have been since March 31, 2005.   My current assignment is to the Vancouver, Washington Post of Duty where I conduct investigations of alleged criminal violations of Title 26, Title 31, and Title 18. My training and experience includes having studied criminal law, financial crimes, and investigative techniques at the Federal Law Enforcement Training Center in Glynco, Georgia and receiving updates in these areas by attend continuing education on a yearly basis. I have participated in the execution of numerous search, seizure, and arrest warrants, witness interviews, surveillances, undercover operations, and other investigative techniques. From my experience, I know that persons who are involved in criminal activities, such as financial crimes, frequently structure their financial activities in order to hide income and assets by using nominee names for businesses, financial accounts, and assets. These persons also frequently attempt to evade Currency Transaction Reporting requirements despite their use of currency, money orders and cashier's checks for their expenses, debts, and purchases of assets. I know that individuals involved in a business or income producing activity will keep regular business and personal financial records necessary to operate the business in hard-copy and on personal computers or electronic storage devices at various private and secure locations for a long period of time. I have also learned that these financial records are necessary to reconstruct and identify sources of

**Affidavit of Jason Nix**                                                                                              **Page 1**

income, expenditures, asset accumulation, movement of funds, and financial life-style.

2. I submit this affidavit in support of an application for a search warrant under Rule 41 of the Federal Rules of Criminal Procedure and 18 U.S.C. § 2703(c)(1)(A) for information about the cellular telephone assigned call number 503-515-7263 (hereinafter "Target Cell Phone"), whose service provider is T-Mobile USA, Inc. (hereinafter "Provider"), a wireless telephone service provider headquartered at 4 Sylvan Way, Parsippany, New Jersey 07054, as described in Attachment A hereto. As explained below, I believe there is probable cause to obtain the location information and other information as described in Attachment B hereto.

3. This affidavit is intended to show only that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter. The facts set forth in this affidavit are based on my own personal knowledge, knowledge obtained from other individuals during my participation in this investigation, including other law enforcement officers, interviews of witnesses, a review of records related to this investigation, communications with others who have knowledge of the events and circumstances described herein, and information gained through my training and experience.

4. Based on the facts set forth in this affidavit, there is probable cause to believe that Bruce L Lamon (Lamon) has violated Title 26 U.S.C. § 7201 (Tax Evasion) and Title 18 U.S.C. § 1001 (False Statement). A grand jury indicted Lamon for these crimes on October 17, 2018 and he is the subject of an arrest warrant issued on November 07, 2018. There is also probable cause to believe that the location information described in Attachment B will assist law enforcement in arresting Lamon, who is a "person to be arrested" within the meaning of Federal Rule of Criminal Procedure 41(c)(4).

**Statement of Probable Cause**

**Affidavit of Jason Nix**           **Page 2**
Revised October 2018

5.  On October 18, 2018, I received a summons to deliver to Lamon informing him of his requirement to appear on November 7, 2018, for initial appearance and arraignment before the United States District Court. On October 22, 2018, I effected personal service on Lamon at the Hillsboro residence of his ex-wife. On October 23rd, two copies of the same summons were mailed certified to the most recent addresses known for Lamon, 125 S 1st Avenue #3094, Hillsboro, Oregon 97123, and his ex-wife's residence, which is 3460 SE Northwood Way, Hillsboro, Oregon 97123.

6.  On November 5, 2018, I provided the contact phone numbers for Lamon and Patricia Hertz (Hertz), Lamon's ex-wife, to Pretrial Services Officer Emely Cubias (Cubias). Cubias left a voicemail for Hertz but the phone number for Lamon did not allow her to leave a message. Neither Hertz nor Lamon returned her calls.

7.  On November 7, 2018, Lamon did not appear in United States District Court pursuant to the summons. Magistrate Judge John V. Acosta then ordered an arrest warrant for Lamon be issued.

8.  SA Nix attempted to locate Lamon on November 8, 2018, to execute the arrest warrant. IRS-CI Special Agent Miranda Cole (SA Cole) spoke with Hertz once, and SA Nix spoke with Hertz twice.

9.  During the first conversation with Hertz on November 8, 2018, she made the following statements to SA Cole.

    a.  Hertz said she knew that we were looking for Lamon. She is in communication with Lamon but he refuses to tell her where he is to "protect her." Hertz also said that she communicates with Lamon via text message. Lamon hasn't talked to Hertz since he was served and Lamon told her he wants to work on his case.

**Affidavit of Jason Nix**                                                    **Page 3**
Revised October 2018

    b.    On November 7th Lamon told Hertz that he was going "off line" on November 8th. Hertz said that Lamon has a "burner phone." Hertz tried to call Lamon's phone at (503) 515-7263 but the call went straight to voicemail. Hertz again said she doesn't know where Lamon is.

    c.    When Hertz called (503) 515-7263 the contact name shown on her phone was "Lincoln." She said she calls Lamon Abraham Lincoln. Hertz also said that Lamon is a mountain man and has been all over the world. Hertz said Lamon could be camping in a national forest.

10.    During the second conversation with Hertz on November 8, 2018, she made the following statements to me.

    a.    Lamon told her he had not been properly served with the summons. She has not seen him since he got the papers from SA Nix, and Lamon is somewhere between Portland and Seaside. Lamon is a camper and she suggested we check all of the national parks or wherever there is internet.

    b.    Lamon told her that he could not tell her where he was because she would have to tell the authorities. Lamon told Hertz that he will not leave the state because it would add additional charges. Hertz does not know what vehicle he is driving and his bike is still in her garage.

    c.    Lamon has his laptop and is working on his case and is going to win that case.

11.    During the third conversation with Hertz on November 8th, 2018, she made the following statements to SA Nix

    a.    Lamon is the primary caregiver for his mother. He might contact her and

**Affidavit of Jason Nix**                                                                            **Page 4**
Revised October 2018

she might be able to get him to turn himself in. Lamon's mother lives in The Springs in Salem. Lamon is over 55 and uses a lot of public transportation because it's almost free for him. He probably used public transportation to get to Salem.

    b.    Lamon might try to commit suicide like he did 30 years ago because he doesn't have any connections. He only eats peanut butter and honey and doesn't have much in his life. He has a grandchild in Brooklyn and wanted to see the baby but now he can't because he can't leave the state.

12. After SA Nix was unable to locate Lamon, he ran Lamon's phone number, (503) 515-7263, in a background check database and found that the phone provider is T-Mobile USA, Inc. The user was Bruce Lamon, and the user address was 125 S 1st Avenue #3094, Hillsboro, Oregon 97123. The phone line status as of the date of the report was active. The user address is the address for the United States Postal Office in Hillsboro, Oregon.

13. Based on Hertz's statements, Lamon could be located anywhere between Portland and Seaside as well as in Salem which is a large geographic area that might not allow for a quick response to Lamon's location. In many of the areas between Portland and Seaside, especially national parks, there is minimal cell coverage which might require multiple attempts at locating Lamon. A period of at least 45 days might be necessary to locate Lamon.

14. In my training and experience, I have learned that Provider is a company that provides cellular telephone access to the general public. I also know that providers of cellular telephone service have technical capabilities that allow them to collect and generate at least two kinds of information about the locations of the cellular telephones to which they provide service: (1) E-911 Phase II data, also known as GPS data or latitude-longitude data, and (2) cell-site data, also known as "tower/face information" or cell tower/sector records. E-911 Phase II data

**Affidavit of Jason Nix**                                                     **Page 5**

provides relatively precise location information about the cellular telephone itself, either via GPS tracking technology built into the phone or by triangulating on the device's signal using data from several of the provider's cell towers. Cell-site data identifies the "cell towers" (i.e., antenna towers covering specific geographic areas) that received a radio signal from the cellular telephone and, in some cases, the "sector" (i.e., faces of the towers) to which the telephone connected. These towers are often a half-mile or more apart, even in urban areas, and can be 10 or more miles apart in rural areas. Furthermore, the tower closest to a wireless device does not necessarily serve every call made to or from that device. Accordingly, cell-site data is typically less precise that E-911 Phase II data.

15. Based on my training and experience, I know that Provider can collect E-911 Phase II data about the location of the Target Cell Phone, including by initiating a signal to determine the location of the Target Cell Phone on Provider's network or with such other reference points as may be reasonably available.

16. Based on my training and experience, I know that Provider can collect cell-site and other location data about the Target Cell Phone, including the information requested in Attachment B.

## Conclusion

17. Based on the foregoing, I request that the Court issue the proposed search warrant, pursuant to Federal Rule of Criminal Procedure 41 and 18 U.S.C. § 2703(c). I further request that the Court authorize execution of the warrant at any time of day or night, owing to the potential need to locate the Target Cell Phone outside of daytime hours.

18. I further request that the Court direct Provider to disclose to the government any information described in Attachment B that is within the possession, custody, or control of

**Affidavit of Jason Nix** **Page 6**
Revised October 2018

Provider. I also request that the Court direct Provider to furnish the government all information, facilities, and technical assistance necessary to accomplish the collection of the information described in Attachment B unobtrusively and with a minimum of interference with Provider's services, including by initiating a signal to determine the location of the Target Cell Phone on Provider's network or with such other reference points as may be reasonably available, and at such intervals and times directed by the government.

19. Prior to being submitted to the Court, this affidavit, the accompanying application, and the requested search warrant were all reviewed by Assistant United States Attorney (AUSA) Seth D. Uram. I was informed that it is AUSA Seth D. Uram's opinion that the affidavit and application are legally and factually sufficient to establish probable cause to support the issuance of the requested warrant.

## Request for Delaying Notice

20. I further request, pursuant to 18 U.S.C. § 3103a(b) and Federal Rule of Criminal Procedure 41(f)(3), that the Court authorize the officer executing the warrant to delay notice until 30 days after the collection authorized by the warrant has been completed. This delay is justified because there is reasonable cause to believe that providing immediate notification of the warrant may have an adverse result, as defined in 18 U.S.C. § 2705. Based upon my knowledge, training, and experience, it is my belief that providing immediate notice to subscriber or user of the Target Cell Phone may result in flight from prosecution and a change in phone usage. *See* 18 U.S.C. § 3103a(b)(1). As further specified in Attachment B, which is incorporated into the warrant, the proposed search warrant does not authorize the seizure of any tangible property. *See* 18 U.S.C. § 3103a(b)(2). Moreover, to the extent that the warrant authorizes the seizure of any wire or electronic communication (as defined in 18 U.S.C. § 2510)

**Affidavit of Jason Nix** **Page 7**
Revised October 2018

or any stored wire or electronic information, there is reasonable necessity for the seizure for the reasons set forth above. *See* 18 U.S.C. § 3103a(b)(2).

### Request for Sealing

21. I further request that this Court issue an order sealing, until further order of the Court, all papers submitted in support of the requested search warrant, including the application, this affidavit, the attachments, and the requested search warrant. I believe that sealing these documents is necessary because the information to be seized is relevant to an ongoing investigation, and any disclosure of the information at this time may cause flight from prosecution and a change of phone use. Premature disclosure of the contents of the application, this affidavit, the attachments, and the requested search warrant may adversely affect the integrity of the investigation.

JASON NIX
Special Agent, IRS – Criminal Investigation

Subscribed and sworn to before me this 19th day of November, 2018.

HONORABLE JOHN V. ACOSTA
United States Magistrate Judge